# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6158 | **DATE** | September 3, 2002 |
| **CASE TITLE** | *Allen Brothers v. Abacus Direct Corp* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Allen Brothers' Motions for Reconsideration and Clarification

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Allen's motion to reconsider [23-1] is DENIED and Allen's motion for clarification [32-1] is GRANTED. In the February 19, 2002, Memorandum and Order, [21-1] this court granted leave for Allen to file an amended complaint as to Count I. Due to the present order, Allen's amendment to Count II should accompany its amendment to Count I of the complaint. The amended complaint, filed in accordance with Allen's obligations pursuant to Federal Rule of Civil Procedure 11, must be filed no later than October 18, 2002.

(11) ■ [For further detail see order attached to original minute order]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 04 2002 | 35 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**DOCKETED**

**SEP 0 4 2002**

ALLEN BROTHERS, INC.,                        )
                                             )
        **Plaintiff,**                       )
                                             )
                                             )        Hon. Blanche M. Manning
        v.                                   )
                                             )        Case No.  01 C 6158
ABACUS DIRECT CORPORATION,                   )
n/k/a DOUBLECLICK, INC.,                      )
                                             )
        **Defendant.**                       )
_____)

## MEMORANDUM AND ORDER

Plaintiff Allen Brothers, Inc. ("Allen") seeks reconsideration and clarification of this

court's February 19, 2002, Memorandum and Order.  For the reasons set forth below, Allen's

motion for reconsideration is denied and its motion for clarification, which this court interprets as

a motion to amend the complaint under Federal Rule of Civil Procedure 15(a), is granted.

### I.    MOTION FOR RECONSIDERATION

#### A.    Standard

Federal Rule of Civil Procedure 59(e), entitled Motion to Alter or Amend Judgment,

serves the limited function of allowing the court to correct manifest errors of law or consider

newly discovered evidence.  *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90

F.3d 1264, 1269 (7th Cir. 1996).  Rule 59(e) "does not provide a vehicle for a party to undo its

own procedural failures, and it certainly does not allow a party to introduce new evidence or

advance arguments that could and should have been presented to the district court prior to the

judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  Whether to grant a Rule

59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). As courts in this district have repeatedly warned, the court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co., v. Gulco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

## B.    Allen's Arguments

Allen seeks reconsideration of this court's February 19, 2002, order dismissing Count II of the complaint – a breach of contract claim seeking damages based on lost sales and lost business opportunity.[1] Specifically, Allen contends that this court erred in construing the two documents at issue as one contract, and consequently, incorrectly applied the limitation of liability provision of one document to the other. In support of its argument, Allen attaches the affidavits of Allen's Executive Vice President and principal corporate attorney.

Allen does not argue that this is newly discovered evidence, and it is not, because the affidavits contain information regarding the contract negotiations that was readily available to Allen prior to the motion to dismiss. Because this evidence was previously available to Allen, the court cannot evaluate it as part of the record on a motion for reconsideration. *See King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994); *see also Moro*, 91 F.3d at 876 (Rule 59 does not allow a party to introduce evidence or advance arguments that could have been presented earlier).

Because Allen has not provided newly discovered evidence, this court will examine whether there was a "manifest error of law" in its earlier opinion. *See Caisse Nationale*, 90 F.3d at 1269. A "manifest error of law" is the wholesale disregard, misapplication, or failure to

---

[1]    The parties and facts discussed herein have been described in greater detail in *Allen Brothers, Inc. v. Abacus Direct Corp*, 2002 WL 237872 (N.D. Ill. Feb. 19), familiarity with which is presumed.

recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Turning to Allen's argument that the two documents are distinct contracts, Allen contends that this court erred in applying *Colowyo Coal City v. City of Colorado Springs*, 879 P.2d 438 (Colo. Ct. App. 1994), for the proposition that a court's determination of whether the separate documents are to be construed together or separately constitutes a legal, rather than factual issue. In other words, Allen asserts that the construction or interpretation of the two agreements is a factual issue not appropriate for a determination in a motion to dismiss.

It is a well-settled principle of contract law that the parties' intent to a contract is determined from the language of the contract itself. *See Radiology Prof. Corp. v. Trinidad Area Health Assoc., Inc.*, 577 P.2d 748, 750 (Colo. 1978); *see also Kirk v. Kitchens*, 49 F.3d 1189, 1192 (Colo. Ct. App. 2002) (intent of a contract determined from the language of the instrument itself). Building on this basic premise, when the evidence of an agreement consists of documents, such as the agreements themselves, the determination of their effect is a matter of law. *Radiology Prof. Corp.*, 577 P.2d at 750; *O'Reilly v. Physicians Mut. Ins. Co.*, 992 P.2d 644, 647 (Colo. Ct. App. 2000); *Restatement (Second) of Contracts* § 212(2) (interpretation of agreement, if not ambiguous, is a question of law). Therefore, this court did not disregard or fail to recognize controlling Colorado authority, as required to establish a manifest error of law, when it construed the documents at issue as a matter of law.

Allen further argues that this court misapplied *O'Reilly v. Physicians Mut. Ins. Co.*, 992 P.2d 644 (Colo. Ct. App. 2000), because *O'Reilly* concerned an agency agreement and was an appeal from a trial on the merits. Although Allen's argument is undeveloped, the court assumes

3

that Allen is referring to the following section of the February 19, 2002 order:

> Under Colorado law, which governs this transaction, when two documents
> pertaining to the same subject matter are executed by the same parties at
> essentially the same time, they are to be construed together. *See O'Reilly v.
> Physicians Mut. Ins. Co.,* 992 P.2d 644, 648 (Colo. Ct. App. 1999) (holding that
> "if a simultaneously executed agreement between the same parties ... is contained
> in more than one instrument, the documents must be construed together ... as
> though the entire agreement were a single document."); *see also E-470 Pub.
> Highway Auth. v. Jagow,* 30 P.3d 798, 801 (Colo. Ct. App. 2001) (holding that
> "[i]n appropriate circumstances, the parties' intent may be determined by
> construing together separate documents that pertain to the same subject matter ...
> This is particularly true of documents executed simultaneously.").

*Allen Brothers, Inc. v. Abacus Direct Corp,* 2002 WL 237872 at *3 (footnote omitted).

Simply put, Allen is trying to factually distinguish the contracts in *O'Reilly* from the

agreements at issue here in an attempt to establish that this court misapplied *O'Reilly.* Allen

made the same arguments in its memorandum in response to DoubleClick's motion to dismiss.

Therefore, this argument is inappropriate at this procedural posture, because Rule 59(e) does not

permit a party to rehash previously raised arguments. *See Oto,* 224 F.3d at 606; *see also Caisse

Nationale,* 90 F.3d at 1270 ("Reconsideration is not the appropriate forum for rehashing

previously rejected arguments or arguing matters that could have been heard during the pendency

of the previous motion.").

Next, arguing that the court's opinion had a "summary judgment like aspect," Allen also

contends that the court looked to extrinsic evidence in concluding that the parties intended for the

two documents to be construed as one. Allen does not develop this argument and this court will

not do it for Allen. *See Stein v. Ashcroft,* 284 F.3d 721, 725 (7th Cir. 2002) (court will not scour

record in an attempt to make plaintiff's argument); *see also Tyler v. Runyon,* 70 F.3d 458, 465

(7th Cir. 1995) (if plaintiff fails to make a minimally complete and comprehensible argument, he

4

loses regardless of the claim's merits as they might have appeared on a fuller presentation).

Because Allen's motion for reconsideration does not demonstrate that there was newly discovered evidence or that this court disregarded, misapplied, or failed to recognize controlling Colorado precedent, *see Oto*, 224 F.3d at 606, this court, in its discretion, denies Allen's motion for reconsideration under Rule 59(e).

## III. MOTION FOR CLARIFICATION

Allen files a separate "Motion for Clarification" asking this court to allow it to amend Count II of the complaint to include direct damages, instead of damages for lost sales and business opportunity. In the February 19, 2002 order this court concluded that Allen could not seek consequential and incidental damages due to the parties' limitation of liability provision. Although Allen calls this request a motion for clarification, Allen is, in fact, seeking to amend its complaint, so the court will review its request through the lens of Federal Rule of Civil Procedure 15(a).

"Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course; after that amendment, a party must request leave of court to file an amended pleading." *Payne v. Churchich*, 161 F.3d 1030, 1065 (7th Cir. 1999). Although DoubleClick removed this case to the district court, DoubleClick has not filed an answer to the complaint, and Allen has not amended its original complaint.[2] In addition, Allen's right to amend the complaint as a matter of course survives this court's grant of a motion to dismiss. *See Perkins v.*

---

[2]    This court notes that it granted Allen leave to file an amended complaint as to Count I in the court's order of February 19, 2002. Due to the present motions for reconsideration and clarification, the scheduling order has been changed. Therefore, Allen has yet to file its amended complaint.

*Silverstein,* 939 F.2d 463, 471 (7th Cir. 1991).

Even when a plaintiff retains the right to amend once as a matter of course, this court may deny leave to amend the complaint if the proposed amendment fails to cure the deficiencies in the original complaint or if the amendment cannot survive a motion to dismiss. *See id.* at 472. Here, amending Count II to include direct damages, as opposed to incidental or consequential damages, does not interfere with this court's conclusion that DoubleClick is not liable for incidental or consequential damages per the parties' contract. Therefore, this court need not grant permission for Allen to file its first amendment to the complaint – Allen may do so as a matter of course.

## IV.    CONCLUSION

For the foregoing reasons, Allen's motion to reconsider [23-1] is DENIED and Allen's motion for clarification [32-1] is GRANTED. In the February 19, 2002, Memorandum and Order, [21-1] this court granted leave for Allen to file an amended complaint as to Count I. Due to the present order, Allen's amendment to Count II should accompany its amendment to Count I of the complaint. The amended complaint, filed in accordance with Allen's obligations pursuant to Federal Rule of Civil Procedure 11, must be filed no later than October 18, 2002.

ENTER:

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: SEP 0 3 2002

6