Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6158 | **DATE** | May 13, 2003 |
| **CASE TITLE** | *Allen Brothers v. Doubleclick* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Doubleclick's motion to dismiss Allen Brothers' amended complaint [43-1] is granted in part and denied in part. The only portion of the complaint which survives is Allen Brothers' breach of contract claim, and it may only seek nominal damages in connection with its breach of contract claim. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 14 2003 | 48 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**MAY 1 4 2003**

| | |
|---|---|
| ALLEN BROTHERS, INC., )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>ABACUS DIRECT CORPORATION )<br>n/k/a DOUBLECLICK, INC., )<br>   Defendant. ) | 01 C 6158 |

## MEMORANDUM AND ORDER

Defendant Doubleclick's motion to dismiss Allen Brothers' amended complaint is before the court. For the following reasons, the motion is granted in part and denied in part.

### Background

The court will not repeat the summary of the facts and applicable standard for a motion to dismiss from the court's orders addressing Doubleclick's motion to dismiss the original complaint, and will assume familiarity with these orders. While the allegations as to the injuries allegedly suffered by Allen Brothers (which were the basis for the dismissal of the original complaint) have changed, the basic facts remain the same. In a nutshell, Allen Brothers, a purveyor of fine meats, claims that Doubleclick disclosed confidential information about its customers to Haute, a competitor, in violation of the contracts between Allen Brothers and Doubleclick.

These contracts contained a limitation of liability clause which stated that, "[Allen Brothers] and [Doubleclick] will not hold each other responsible for any incidental or consequential damages including but not limited to lost profits, lost data, or lost business that may arise from this relationship regardless of the cause." The contracts also contained a choice

of law provision selecting Colorado law. The motion to dismiss the amended complaint centers on the limitation of liability clause, as Doubleclick contends that it bars Allen Brothers' attempt to hold it liable for the disclosure of Allen Brothers' information.

### Allen Brothers' "Direct Damages" Claims

The court previously found that the limitation of liability clause precluded Allen Brothers from obtaining relief for lost sales and lost business opportunity. In its amended complaint, Allen Brothers attempts to avoid this clause by requesting "direct" damages consisting of: (1) restitution damages resulting from the benefit Doubleclick derived from using Allen Brothers' data; (2) damages for the loss in the value of Allen Brothers' data; (3) all monies paid by Allen Brothers to Doubleclick under the contracts; and (4) nominal damages.

With respect to restitution damages, Allen Brothers asserts that it is entitled to pursue a claim for damages resulting from the benefit Doubleclick derived from using its data. In support, it argues that "a breach by non-performance which goes to the essence of the contract" entitles it to an award "of any benefit which [it] has conferred upon the other party." *Ed Hackstaff Concrete, Inc. v. Powder Ridge Condominium "A" Owners Assoc., Inc.*, 679 P.2d 1112, 1114 (Colo Ct. App. 1984). In response, Doubleclick asserts that the restitution claim is really a claim of unjust enrichment, which must fail as a matter of law because an express contract governs the same subject matter and the contract is not a product of fraud. *See, e.g., Dudding v. Norton Frickey* & Associates, 11 P.3d 441, 445 (Colo. 2000).

In general, "a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Investments, LLC v. Eagle River Water and Sanitation*

*District*, No. 02CA0556, 2003 WL 1562443 *2 (Colo.App. Mar 27, 2003). There are, however, two exceptions to this rule: (1) a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract; and (2) a party can recover on a quasi-contract when the express contract is unenforceable because it was rescinded or is otherwise not binding. *Id.*

Here, Allen Brothers contends that Doubleclick should be required to return any benefit it received from the contract because it breached the contract. This is a claim for unjust enrichment, also known as quantum meruit. A plaintiff proceeding under a theory of unjust enrichment must establish exactly what Allen Brothers is trying to establish – that: (1) at the plaintiff's expense; (2) the defendant received a benefit; (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying. *Id.* at 444-45. As noted above, a plaintiff cannot recover on a quasi-contract theory when an express contract exists. *Dudding v. Norton Frickey & Associates*, 11 P.3d at 445. Moreover, Allen Brother's unjust enrichment claim does not fit into any of the exceptions to the rule prohibiting quantum meruit recovery when there is an express contract. Allen Brothers' unjust enrichment claim must, therefore, fail.

The court next turns to Allen Brothers' claim for damages for the loss in the value of its data. According to the complaint, Allen Brothers's confidential information is valuable because it can generate sales. In its response to the latest motion to dismiss, Allen Brothers adds that its confidential information has a value separate and apart from the sales it might produce and that Doubleclick's dissemination of the list caused it to lose value.

Doubleclick asserts that this claim is an attempt to replead the previously dismissed claims for the consequential damages of lost sales and lost business opportunity. A diminution in the value of confidential information results in consequential damages such as lost sales and lost business opportunity. The court has previously found that these consequential damages are barred by the contracts, so the doppelganger of these damages – loss in the value of Allen Brothers' data – must also be barred.

Moreover, even when the pleadings are read in the light most favorable to Allen Brothers, it is clear that there are no allegations which support the inference that its customer lists have some sort of independent and intrinsic value apart from their ability to provide a business advantage. They are not like an out of circulation gold piece which retains value even if it is not coin of the realm. Instead, they are a collection of confidential business information which allow the holder of that information to pursue a business advantage. Dissemination of the confidential information results in the loss of the ability to pursue that business advantage. The court has already held that loss of the ability to pursue a business advantage is a type of consequential damage that is barred by the contract.

Allen Brothers also seeks to recover all monies paid to Doubleclick under the contracts. It seeks, in effect, to be placed in the same position it would have been had it never entered into the contracts with Doubleclick. This argument fails for two reasons. First, it is in essence a claim for recission, and thus can only succeed if Allen Brothers establishes all of the elements of fraudulent misrepresentation. *Jahraus v. Bergquist*, 494 P.2d 110, 111 (Colo.App. 1971). Because Allen Brothers' claim is based on a breach of contract theory, as opposed to fraud, it cannot state a claim for recission. In the interests of completeness, the court also notes that, "in a

breach of contract action, a plaintiff may only recover the amount of damages necessary to place him in the same position he would have occupied had the breach not occurred." *Smith v. Farmers Insurance Exchange*, 9 P.3d 335, 337 (Colo. 2000). Thus, Allen Brothers could not get all of its money back under this theory even if was entitled to rescind the contract.

This leaves Allen Brothers with a breach of contract claim which potentially can only lead to an award of nominal damages. Doubleclick contends that Allen Brothers cannot proceed with a breach of contract claim based purely on nominal damages. This is incorrect, as if a plaintiff establishes breach but cannot establish actual damages, it may nevertheless recover nominal damages. *Interbank Investments, LLC v. Eagle River Water and Sanitation District*, 2003 WL 1562443 at *4. Thus, the fact that only nominal damages are potentially available does not sound the death knell for Allen Brothers' breach of contract claim.

## Allen Brothers' Request for Specific Performance

Under Colorado law, the equitable remedy of specific performance is only available if there is no adequate remedy at law. *See, e.g., Schreck v. T & C Sanderson Farms, Inc.*, 37 P.3d 510, 514 (Colo. Ct. App. 2001). In connection with Allen Brothers' request for injunctive relief, the court previously held that Allen Brothers had failed to establish that it had no adequate remedy at law. This dooms its request for specific performance. Allen Brothers may sincerely believe, with the benefit of 20/20 hindsight, that agreeing to a very restrictive limitation on damages was a bad idea. But this belief is not enough to show that there is no adequate remedy at law. Instead, it simply shows that there is no relief available under the parties' contract.

## Conclusion

Doubleclick's motion to dismiss Allen Brothers' amended complaint [43-1] is granted in part and denied in part. The only portion of the complaint which survives is Allen Brothers' breach of contract claim, and it may only seek nominal damages in connection with its breach of contract claim.

DATE: 5-13-03

Blanche M. Manning
United States District Judge

01cv6158.md