IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN BROTHERS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 6158 |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| ABACUS DIRECT CORPORATION, | ) | |
| n/k/a DOUBLECLICK, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Defendant DoubleClick's motion to dismiss claims for monetary damages in plaintiff's third amended complaint is before the court. For the following reasons, the motion is granted in part and denied in part.

**Background**

The court will not repeat the summary of facts and applicable standard for a motion to dismiss from the court's prior orders addressing DoubleClick's motion to dismiss the original complaint. The court will also assume familiarity with this court's orders dismissing portions of the original complaint, the first amended complaint, and the second amended complaint. Briefly, Allen Brothers, a purveyor of fine meats, claims that DoubleClick disclosed confidential information about its customers to Haute, a competitor, in violation of the contracts between Allen Brothers and DoubleClick.

These contracts contained a limitation of liability clause which stated that, "[Allen

1

Brothers] and [DoubleClick] will not hold each other responsible for any incidental or consequential damages including but not limited to lost profits, lost data, or lost business that may arise from this relationship regardless of the cause." The contracts also contained a choice of law provision selecting Colorado law.

## Count I–Breach of Contract Against DoubleClick

In Count I of its Third Amended Complaint, Allen Brothers has once again asserted a claim for breach of contract and asks that it be awarded damages "in excess of $75,000, plus interest and its costs." As detailed in this court's three prior orders of February 14, 2002, May 13, 2003, and November 5, 2004, the limitation of liability provision quoted above prevents Allen Brothers from seeking such damages. Allen Brothers contends that the court's order of November 5, 2004 (granting the defendant's motion to dismiss the second amended complaint) only applied to "direct" damages and because the Third Amended Complaint makes no reference to "direct" damages, the count should not be dismissed. No matter how Allen Brothers chooses to phrase it, Allen Brothers is limited to seeking nominal damages on its breach of contract claim. Defendant's motion to dismiss Count I is granted to the extent that Count I seeks damages beyond nominal damages.

## Count II–Violation of the Colorado Trade Secrets Act

Allen Brothers has added a second count for alleged violations of the Colorado Uniform Trade Secrets Act ("Act"). DoubleClick moves to dismiss this count on the grounds that the only damages alleged by Allen Brothers under this count (both actual damages and unjust enrichment) are those which cannot be awarded under the terms of the parties' contracts. In addition, Doubleclick argues that Allen Brothers cannot attempt to use a statute to "render the

parties' contract meaningless."

Allen Brothers responds by arguing that, under Colorado law, "a party cannot abrogate by private contract a constitutional or statutory right"; thus, Allen Brothers contends that it should be permitted to seek actual damages as permitted under the Act. Allen Brothers further argues that the limitation of liability provision should not preclude Allen Brothers from obtaining exemplary damages and attorneys' fees as permitted under the Act.

The Act provides in relevant part that:

> Except to the extent that a material and prejudicial change of position prior to acquiring knowledge or reason to know of misappropriation renders a monetary recovery inequitable, a complainant is entitled to recover damages for misappropriation. *Damages may include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.*

C.R.S.A. § 7-74-104(1) (emphasis added).

This court has already stated in three previous orders that pursuant to the limitation of liability provision between the parties, plaintiff is limited to seeking nominal damages for any "actual loss" allegedly suffered by plaintiff. "As a general rule, '[i]n the absence of countervailing public policy or an express statutory provision barring waiver, parties may enter into contracts extinguishing or limiting statutory provisions which confer a right or benefit on one or both parties.'" *Denner Enter. v. Barone, Inc.*, 87 P.3d 269, 273 (Colo. Ct. App. 2004) (citation omitted). *See also Francam Bldg. Corp. v. Fail*, 646 P.2d 345, 348 (Colo. 1982) (same). Here, plaintiff has not pointed to any countervailing public policy or express statutory provision barring waiver that would invalidate the limitation of liability provision between the parties and allow it to seek compensatory damages as provided by the Act.

Moreover, the court disagrees with plaintiff's statement that "Colorado law does not

permit a party to abrogate by private contract a constitutional or statutory right." Rather, the cases cited by plaintiff state that "[p]arties cannot by private contract abrogate constitutional or *statutory requirements or conditions affecting the public policy of the state*." *Pierce v. St. Vrain Valley School Dist.*, 944 P.2d 646, 649 (Colo. Ct. App. 1997), *rev'd,* 981 P.2d 600 (Colo. 1999) (reversing the decision in *Pierce* because it did not find any "specific legislative direction to the contrary" that would indicate that the confidentiality provisions at issue were against public policy) (emphasis added). Indeed, the Colorado Court of Appeals has stated that "[c]ontracts or provisions therein that are contrary to public policy are illegal and void." *Id.* Thus, absent a specific public policy to the contrary (or an express statutory provision barring waiver), parties may enter into contracts extinguishing or limiting statutory rights. *See Denner*, 87 P.3d at 273; *Francam Bldg. Corp.,* 646 P.2d at 348. Accordingly, given the limitation of liability provision in the contract, and Allen Brothers' failure to point to any public policy of Colorado prohibiting such waivers, Allen Brothers is prohibited from seeking actual damages under the Act beyond nominal damages.

As to the claim for unjust enrichment, in its May 2003 order, the court previously rejected that claim on the ground that the parties' relationship was governed by an express contract. *Interbank Investments, LLC v. Eagle River Water and Sanitation Dist.*, 77 P.3d 814 (Colo. Ct. App. 2003) ("a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract."). However, the Act provides that "this article displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret" while not affecting the contractual remedies between the

4

parties.  C.R.S.A. §§7-74-108(1) and (2)(a).  Thus, because the Act preempts the common law of restitution and allows for a claim of unjust enrichment, this claim is not dismissed.

Allen Brothers also contends that it should be allowed to seek punitive/exemplary damages and attorneys' fees under the Act.  However, as noted by defendant, Allen Brothers does not plead punitive or exemplary damages.  Nor has Allen Brothers pled "fraud, malice, or a willful and wanton disregard of the injured party's right and feelings" or "willful and malicious misappropriation" in order to recover exemplary damages and attorneys' fees, respectively, as required by the Act.  C.R.S.A. §§ 7-74-104(2) and 7-74-105.  Finally, under the Act, exemplary damages are limited to an amount not to exceed the damages awarded for the actual misrepresentation.  C.R.S.A. § 7-74-104(2) ("If the misappropriation is attended by circumstances of fraud, malice, or a willful and wanton disregard of the injured party's right and feelings, the court or the jury may award exemplary damages in an amount not exceeding the award made under subsection (1) [actual damages] of this section.").  Given that in Colorado, nominal damages are one dollar, *Colorado Investment Serv., Inc. v. Hager*, 685 P.2d 1371, 1375 (Colo. Ct. App. 1984) ("We therefore hold that one dollar is nominal damages, as a matter of law"), defendants correctly point out that plaintiff would be able to recover only $2 in exemplary damages.

For the foregoing reasons, DoubleClick's motion to dismiss [87-1] is granted to the extent that Allen Brothers seeks recovery for actual damages beyond nominal damages.  While Allen Brothers' breach of contract claim survives, it may only seek nominal damages in connection with its breach of contract claim.  With respect to its claim under the Colorado Uniform Trade Secrets Act, plaintiff also may seek only nominal damages for any "actual loss."

Plaintiff may seek to recover for unjust enrichment under the Act. Plaintiff may amend its complaint to plead exemplary damages and attorneys' fees, but will not be able to recover more than $2 in exemplary damages should it succeed on its claim under the Act.


DATE:   February 23, 2005           /s/ Blanche M. Manning
                                    Blanche M. Manning
                                    United States District Judge